IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 17-10029-EFM

ROBERT G. DODGE,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Robert G. Dodge's Motion for Compassionate Release (Doc. 44). He seeks early release from prison due to deteriorating health. He contends that the threat of contracting COVID-19 and the lack of adequate health care further support his request for release. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.**    **Factual and Procedural Background**

Defendant pleaded guilty to possession of a short-barreled shotgun. On May 10, 2018, Defendant was sentenced to 63 months' imprisonment.

Defendant is 52 years old, and he is currently incarcerated at Fort Worth FMC. There have been 661 positive cases in the facility in which Defendant is housed, and 14 inmates have died.[1] Currently, there are no active inmate cases, two active staff cases, and no pending inmate tests. As of April 19, 2021, 748 inmates had been fully vaccinated. Defendant's projected release date is October 13, 2022.

On February 16, 2021, Defendant filed a motion seeking early release from prison due to deteriorating health conditions. These include heart failure, chronic obstructive pulmonary disease ("COPD"), and type-2 diabetes, which are becoming more debilitating each day. In addition, he requests release due to the risk of contracting COVID-19 or developing COVID-19 complications and the Bureau of Prisons' ("BOP") inability to provide him adequate care.[2]

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited April 19, 2021).

[2] Defendant filed his motion *pro se*, but the Federal Public Defender ("FPD") subsequently entered its appearance and filed a reply brief on Defendant's behalf.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

facility received his request for the BOP to file a motion on his behalf.' "[4]  The administrative exhaustion requirement cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]

### III.    Analysis

Defendant seeks early release based on underlying, deteriorating health conditions and the threat of complications from COVID-19 should he contract the disease in prison.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.    Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on November 12, 2020.[7]  As of the date this motion was

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *United States v. Johnson*, --- F. App'x ---, 2021 WL 1053706, at *2 (10th Cir. 2021) (holding that the exhaustion requirement in § 3582(c)(1)(A) is mandatory); *see also United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] The government asserted that Defendant did not exhaust his administrative remedies, but a review of the record shows that he did.

filed, more than 30 days had passed since Defendant's request. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.      Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of heart failure, COPD, and type-2 diabetes constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). In addition, he contends that his health conditions, coupled with the outbreak of COVID-19 in prison and the BOP's alleged failure to provide adequate health care to him, warrant a sentence reduction.

Several of Defendant's conditions are listed by the Centers for Disease Control and Prevention ("CDC") as ones that increase risk for severe illness from COVID-19.[8]   In addition, the government concedes that per Department of Justice policy and CDC guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court will move on to consider the § 3553(a) factors.

**C**.      **Section 3553(a) Factors**

Under 18 U.S.C. § 3553(a), the Court must consider whether Defendant's sentence reduction would comply with the sentencing factors "to the extent that they are applicable."[9] Some of these factors include the nature and circumstances of the offense; the need for the sentence

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 19, 2021).

[9] 18 U.S.C. § 3582(c)(1).

imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the offense of possession of a short-barreled shotgun. The sentencing guideline range was 70 to 87 months based on Defendant's offense level and criminal history category. The Court varied from the guideline range and sentenced Defendant to 63 months' imprisonment.

Here, as noted above, Defendant pleaded guilty to possession of one firearm. With regard to the underlying offense, however, Defendant was found to be in possession of multiple firearms, as well as methamphetamine and marijuana. In addition, the Court notes that Defendant was released on bond after his arrest. After Defendant entered his plea agreement, but prior to his sentencing, Defendant engaged in criminal activity and was charged with possession of methamphetamine with intent to distribute in Sherman County.[11] This factor demonstrates that Defendant has a higher likelihood of recidivism upon release. Finally, the prison in which Defendant is housed has an extremely low number of COVID-19 cases and has undertaken vaccinating inmates and staff which greatly reduces Defendant's likelihood of contracting the COVID-19.

At this point, Defendant has served approximately 60 percent of his sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 63-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the

---

[10] 18 U.S.C. § 3553(a).

[11] A warrant was issued for his arrest prior to his sentencing date.

sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE