# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

vs.                                  Case No. 17-10029-EFM

ROBERT G. DODGE,

     *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Robert G. Dodge's Motion for Early Termination of Supervised Release (Doc. 59).  Defendant has completed 15 months of his 36-month term of supervised release.  In his motion, he asserts that the United States Probation Officer ("USPO") assigned to his case reports that he is following the terms of supervision,[1] and the Government does not oppose the motion when Defendant reaches the 18-month mark if there are no violations in the next three months.

In 2018, Defendant pleaded guilty to possession of an unregistered, short-barreled shotgun, in violation of 26 U.S.C. § 5861(d).  The Sentencing Guidelines recommended, based on Defendant's total offense level of 21 and criminal history category of V, a sentence of

---

[1] The USPO informed the Court that he did not believe Defendant was an appropriate candidate for release at the present time.

imprisonment of 70 to 87 months.  The Court sentenced Defendant to 63 months' imprisonment and three years of supervised release.

In early 2021, Defendant filed a Motion for Compassionate Release due to deteriorating health conditions and the threat of contracting COVID-19 or developing COVID-19 complications in prison.  This Court denied his motion.[2]  Although the Court found that Defendant's health conditions may constitute an extraordinary and compelling reason, the sentencing factors under 18 U.S.C. § 3553(a) weighed against early release.  Specifically, the Court noted that it had already varied downward from Defendant's guideline sentence, and the underlying criminal activity related to his federal charge included possession of multiple firearms, methamphetamine, and marijuana.[3]  In addition, the Court noted that while Defendant was released on bond and after he had entered his plea, Defendant engaged in criminal activity and was charged with possession of methamphetamine with intent to distribute in Sherman County.  Thus, the Court found that because Defendant had only served approximately 60 percent of his sentence and the factors demonstrated that Defendant had a higher likelihood of recidivism upon release, early release was not appropriate.

Approximately eight months later, Defendant filed another Motion for Compassionate Release.  His motion was unopposed by the government, and he requested release due to further deteriorating health conditions.  The Court granted Defendant's motion which resulted in Defendant's early release from prison by approximately 10 months.  Defendant, however, was still

---

[2] Doc. 52.

[3] He only pleaded guilty to one firearm offense.

subject to a three-year term of supervised release that began on December 14, 2021. He has now completed 15 months of the three-year term, and he seeks early termination of that term.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of the term. It is within the Court's discretion whether to grant a motion to terminate supervised release.[4] In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[5] The Court may grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant, and it is in the interests of justice.[6]

Here, the Court finds that early termination of supervised release does not comport with the interests of justice. Specifically, § 3553(a)(1) directs the Court to consider the "nature and circumstances of the offense" and the "characteristics of the defendant." As noted above, Defendant pleaded guilty to unlawful possession of one firearm. With regard to the underlying offense, however, Defendant was found to be in possession of multiple firearms, as well as methamphetamine and marijuana. In addition, he engaged in further criminal activity while awaiting to be sentenced for that offense. Yet, Defendant received a lower-than-guideline sentence, *and* he was released approximately one year early from imprisonment. The Court finds that early termination of Defendant's three-year term of supervised release, of which he has only served 15 months, would not be in the interests of justice, and he should serve the remainder of his supervised release term.

---

[4] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011)).

[5] 18 U.S.C. § 3583(e)(1).

[6] *Id.*

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Doc. 59) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of April, 2023.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE